ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 MAY -3 AM 10: 32
CLERK
S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MORRIS SCOTT HOLMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 312-099 |
| ) | |
| Doctor DALRYMPLE, Johnson State ) | |
| Prison, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility in Alamo, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is presently before the Court on Defendant Morales' "Pre-Answer Motion to Dismiss Complaint" and his motion to stay discovery pending the resolution of the motion to dismiss. (Doc. nos. 25, 26.) Plaintiff has filed a brief opposing the motion to dismiss, and Defendant Morales has filed a reply. (Doc. nos. 28, 29.) Plaintiff has also filed a "Motion to Amend Response" (doc. no. 30), which appears to be simply a continuation of his response in opposition to the motion to dismiss, as well as a "Motion to Dismiss Defendant's Pre-Answer Motion to Dismiss Plaintiff's Complaint" (doc. no. 32), in which he puzzlingly alleges that Defendant Morales has violated Fed. R. Civ. P. 15(a) by somehow "amending" his own motion to dismiss.[1] Defendant Morales has filed a

---

[1] Although Plaintiff's meaning is unclear from his "motion to dismiss," Plaintiff appears to have construed Defendant Morales' reply to his response in opposition as an

response to Plaintiff's recent motions, and Plaintiff has filed a "continued response" to the motion to dismiss. (Doc. nos. 33, 34.) Finally, Plaintiff has filed a "confirmation," in which he continues to argue the merits of his case, and Defendant Morales has filed a reply to that filing. (Doc. nos. 35, 36.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendant Morales' motion to dismiss be **GRANTED**, that Defendant Morales' motion to stay be denied as **MOOT**,[2] that Plaintiff's motion to amend his response as well as his motion to dismiss Defendant Morales' motion to dismiss be denied as **MOOT**, and that Defendant Morales be **DISMISSED** from this case.

I. **BACKGROUND**

In his amended complaint, which is dated November 20, 2012, Plaintiff named three Defendants: (1) Doctor Dalrymple, a physician at JSP; (2) Doctor Ajibade, another physician at JSP; and (3) Jose Morales, the Warden at JSP. (Doc. no. 14, pp. 1, 4.) Plaintiff first alleged in his amended complaint that Defendants Dalrymple and Ajibade provided him with constitutionally inadequate medical treatment in connection to his diagnosis of having a bulging disc in his back, spinal nerve damage, and arthritis in the right side of his body. (Id.

---

improper "amendment" to Defendant Morales' motion to dismiss. (See doc. no. 29; see also doc. no. 32, p. 1.) However, pursuant to Loc. R. 7.6, Defendant Morales was entitled to submit a reply brief within fourteen days of Plaintiff's last brief, which was filed on April 1, 2013. (Doc. no. 29.) Accordingly, Defendant Morales timely filed a reply – and not any sort of "amendment" – on April 3, 2013. (Doc. no. 30.)

[2]In his motion to stay discovery, Defendant Morales requests an Order "staying these proceedings, including attending a scheduling conference and preparing a scheduling order," pending the Court's resolution of the instant motion to dismiss. (Doc. no. 26, p. 1.) Because the Court is herein granting Defendant Morales's motion to dismiss, there is accordingly no need to grant his motion to stay. Notably, in the event that the remaining Defendants in this case are located and served, discovery will proceed as usual as to those Defendants.

2

at 5.) Plaintiff additionally alleged that, as retaliation for him having written a letter to Commissioner Brian Owens, Defendant Morales first placed Plaintiff in administrative segregation and subsequently transferred him from Johnson State Prison ("JSP") to Smith State Prison ("SSP").[3] (Id. at 5-6.) Because Plaintiff is proceeding IFP, the Court screened his amended complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A. The Court allowed Plaintiff to proceed with § 1983 claims against Defendants Dalrymple and Ajibade based on his allegations that they showed deliberate indifference to his serious medical needs in violation of the Eighth Amendment,[4] and against Defendant Morales based on his allegations that Defendant Morales retaliated against him for writing a letter to Commissioner Owens.[5] (Doc. no. 16.)

---

[3] Notably, the Court specified in its January 15, 2013 Order that it was allowing Plaintiff's retaliation claim against Defendant Morales to proceed based on Plaintiff's allegation that Defendant Morales placed him in administrative segregation for writing a letter to Commissioner Owens. (Doc. no. 16, p. 5.) However, in his motion to dismiss, Defendant Morales has briefed the issue of Plaintiff's retaliation claim only as it pertains to Plaintiff's transfer to SSI. (See doc. no. 25-1.) Because the Court clearly noted in its January 15th Order that Plaintiff's retaliation claim against Defendant Morales was based on the aggregate of those events rather than solely on one or the other (see doc. no. 17, pp. 3-4) – and because the analysis is the same for both – the Court considers Plaintiff's retaliation claim to be comprised of both events. Thus, Defendant Morales's arguments in his motion to dismiss concerning Plaintiff's retaliation claim are fully applicable to the claim as it was permitted to proceed, especially considering that, as explained in more detail below, Plaintiff never grieved his retaliation claim on the basis of either event.

[4] As pointed out by Defendant Morales (doc. no. 25, p. 1), a review of the docket for this case indicates that Defendants Dalrymple and Ajibade have yet to be served with Plaintiff's complaint.

[5] Upon screening Plaintiff's amended complaint, the Court additionally recommended the dismissal of Plaintiff's claims related to the disappearance of his property and the "No Talking" policy in the prison dining hall. (Doc. no. 17.) The Honorable Dudley H. Bowen, Jr., United States District Judge, adopted that recommendation as the opinion of the District Court. (Doc. no. 20.)

3

## II. DISCUSSION

Defendant Morales now seeks to dismiss Plaintiff's retaliation claim against him, arguing that Plaintiff has failed to exhaust his administrative remedies, that he has not demonstrated sufficient physical injury attributable to his retaliation claim to obtain damages, and that his official capacity claims against Defendant Morales are barred by the Eleventh Amendment. (See doc. no. 25-1.) In his response, Plaintiff opposes Defendants' motion, arguing in particular that, pursuant to the Georgia Department of Corrections Standard Operating Procedures ("SOP"), claims concerning prisoner transfers are not grievable and are therefore exempt from the administrative exhaustion requirement. (See doc. no. 28, pp. 1-3.) In his reply to Plaintiff's response, Defendant Morales acknowledges Plaintiff's correct citation to the SOP provision indicating that grievances challenging transfers amongst institutions may not be filed. (Doc. no. 29, p. 2.) However, as he did in his motion to dismiss (doc. no. 25-1, p. 7), Defendant Morales then cites to a subsequent provision in the same section of the SOP that specifically states, "[n]otwithstanding the above, any grievance alleging retaliation, misconduct or harassment is grievable regardless of the form." (Id. at 2-3.)

As explained below, the Court concludes that Defendant Morales has the better argument on the issue of exhaustion; therefore, the Court finds that it is unnecessary to reach the other arguments in his motion to dismiss.

### A. Legal Standard for Exhaustion of Administrative Remedies

Where a defendant has filed a motion to dismiss based on failure to exhaust administrative remedies, as Defendant Morales has here, the Eleventh Circuit has laid out

4

a two-step process for courts to use in resolving such motions.

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.
>
> . . . .
>
> If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues. . . . The defendants bear the burden of proving that the plaintiff has failed to exhaust his administrative remedies. . . . Once the court makes findings on the disputed issues of fact, it then decides whether under those findings, the prisoner has exhausted his available administrative remedies.

Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citing Bryant v. Rich, 530 F.3d 1368, 1373-74 (11th Cir. 2008) (citations omitted), *cert. denied*, 555 U.S. 1074 (2008)). Where exhaustion "is treated as a matter of abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376 (citations omitted).

## B. Plaintiff's Failure to Exhaust Administrative Remedies

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act's ("PLRA") mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have

5

discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998) If an administrative remedy is "available," it must be exhausted to satisfy § 1997e(a). See id. at 1326 (explaining that under PLRA, courts are "to focus solely on whether an administrative remedy program is 'available'"). Under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005), *cert. denied*, 548 U.S. 925 (2006).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90-91 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson, 418 F.3d at 1159. Put plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 F. App'x 918, 920 (11th Cir. 2006) (*per curiam*) (quoting Johnson, 418 F.3d at 1155); see also Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (*per curiam*) ("Since appellant has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies.").

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process *before* initiating

6

suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001), *overruled in part on other grounds by* Porter, 534 U.S. at 532; Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999).

As correctly noted by Wayne Johnson, the Deputy Warden of Care and Treatment at SSP, whose affidavit is attached to Defendant Morales' motion, the administrative grievance procedure applicable in this case is governed by SOP IIB05-0001.[6] (Doc. no. 25-2 (hereinafter "Johnson Aff."), ¶ 5.) Once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. SOP IIB05-0001 § VI(B). The inmate has ten (10) calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. Id. § VI(B)(5). The timeliness requirements of the administrative process may be waived upon a showing of good cause. See id. § VI(C)(2) & (D). The SOP requires that an inmate be given a response to his informal grievance within 10 calendar days of its receipt by the

---

[6]Specifically, the administrative grievance procedure applicable in this case is governed by the version of SOP IIB05-0001 that became effective on June 1, 2004.

7

inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id. § VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has 5 business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2), (5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. See id. § VI(D).

Here, Defendant Morales has shown that Plaintiff's claims against him should be dismissed without prejudice because of his failure to satisfy the exhaustion requirement of § 1997(e). As noted above, in support of his motion to dismiss, Defendant Morales has produced the affidavit of Wayne Johnson, the Deputy Warden of Care and Treatment at SSP. Mr. Johnson states that Plaintiff arrived at SSP on March 1, 2012, and that, although he filed numerous grievances while incarcerated at SSP, none of those grievances addressed his retaliation claim against Defendant Morales. (Johnson Aff. ¶¶ 16-17.)

Notably, Plaintiff does not contest Defendant Morales' assertion that he failed to grieve his retaliation claim and instead asserts that, according to the SOP, he need not have done so, and in fact *could* not have done so. (See generally doc. no. 28.) That claim,

8

however, is unavailing in light of the clear language of the relevant SOP provisions. While Plaintiff cites to SOP IIB05-0001 § VI.A.4(c) for the proposition that "[transfer] of inmates between institutions" constitutes a non-grievable issue, he ignores § VI.A.4(g), a provision within the same section, which establishes, "Notwithstanding the above, any grievance alleging retaliation, misconduct or harassment is grievable regardless of the form." In consideration of those two provisions in conjunction with one another, it is abundantly clear that, although the simple transfer of an inmate standing alone does not present a grievable issue, the transfer of an inmate coupled with a retaliation claim *can* be grieved and indeed *must* be grieved in order to satisfy the administrative exhaustion requirement. See Woodford, 548 U.S. at 90-91.

That being the case, Plaintiff's reliance on § VI.A.4(c) as the sole basis for his argument that he was not required to grieve his retaliation claim is misguided (doc. no. 28, p. 1), as are his efforts to parse the literal meaning of the terms "prison" and "living conditions" in the PLRA (id. at 2), given that the SOP clearly sets forth which issues are grievable. Moreover, as pointed out by Defendant Morales, Plaintiff similarly misses the mark with his argument that the PLRA does not apply to his retaliation claim because the purpose of the PLRA is to allow prison officials to resolve disputes prior to being sued and he has had no such dispute with Defendant Morales. (Id.; see also doc. no. 29, p. 3.) Whatever the nature of the supposed "purposes" of the PLRA, the facts remain that the PLRA explicitly mandates that an inmate exhaust his administrative remedies prior to filing a lawsuit and that, moreover, a claim of retaliation is grievable. 42 U.S.C. § 1997e(a); SOP IIB05-0001 § VI.A.4(g). In short, Plaintiff does not present any persuasive arguments as to

why his retaliation claim against Defendant Morales should not be dismissed for his failure to exhaust his administrative remedies prior to filing this lawsuit.

## III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Defendant Morales' motion to dismiss be **GRANTED** (doc. no. 25), that Defendant Morales' motion to stay be denied as **MOOT** (doc. no. 26), that Plaintiff's motion to amend his response and his motion to dismiss Defendant Morales' motion to dismiss be denied as **MOOT** (doc. nos. 30, 32), that Plaintiff's retaliation claim against Defendant Morales be **DISMISSED WITHOUT PREJUDICE**, and that Defendant Morales be **DISMISSED** from this action.

SO REPORTED and RECOMMENDED this 3rd day of May, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE