IN THE UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 SEP 20 PM 2:50

CLERK_____
SO. DIST. OF GA.

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

MORRIS SCOTT HOLMES, )
)
Plaintiff, )
)
v. )    CV 312-099
)
BARBARA DALRYMPLE, Doctor, )
Johnson State Prison; and CALEB )
AJIBADE, Doctor, Johnson State Prison, )
)
Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Coffee Correctional Facility in Nicholls, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Johnson State Prison ("JSP") in Wrightsville, Georgia. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is presently before the Court on Defendants' pre-answer motion to dismiss. (Doc. no. 47.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**.

## I.    BACKGROUND

In his amended complaint Plaintiff named three defendants: (1) Barbara Dalrymple, a doctor at JSP; (2) Caleb Ajibade, another doctor at JSP; and (3) Jose Morales, the Warden at JSP. (Doc. no. 14.) Because Plaintiff is proceeding IFP, the Court screened his amended complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. The Court allowed Plaintiff to

proceed with his claims against Defendants for deliberate indifference to his serious medical needs, which are based on two separate episodes in the treatment of his alleged diagnoses of a bulging disc in his back, spinal nerve damage, and arthritis.[1,2] (Doc. no. 16.)

First, Plaintiff claims that after arriving at JSP on July 2, 2011, Defendants failed to administer his prescribed pain medication until August 5, 2011, despite his having filed health service request forms for such on July 5, 11, and 22. (Doc. no. 14.) He claims the delay in receiving his medication "immobilized" him, "caused excruciating pain and suffering," and forced him to wear diapers. (Id.)

Plaintiff's second deliberate indifference claim is based on his allegations that, when JSP finally began distributing his medication, Defendant Dalrymple ordered his medications to be removed from their capsules or crushed, and then mixed together in a cup of water before being given to him. (Id.) Plaintiff claims this method of administering his medications caused him chest pains, stomach illnesses, and blisters on his tongue and "lobe." (Id.) He further alleges that his requests to discontinue this method of administering his medication were ignored, and that Defendant Dalrymple did not address the method of administration or treat his resulting injuries during a subsequent medical appointment. (Id.)

---

[1] Plaintiff claims that in December of 2010, while housed at Augusta State Medical Prison, he was diagnosed with the aforementioned conditions, for which a neurologist prescribed physical therapy, pain medication, and nerve relaxers. (Doc. no. 14, p. 5.)

[2] On May 30, 2013, United States District Judge Dudley H. Bowen, Jr. dismissed Plaintiff's claims against Defendant Morales, leaving only Defendants Dalrymple and Ajibade. (Doc. no. 42.)

## II.    DISCUSSION

Defendants assert that the claims against them should be dismissed because (1) Plaintiff has failed to state a claim under the Eighth Amendment, (2) Plaintiff has failed to demonstrate sufficient physical injury to obtain damages for either claim, (3) his claims are barred by the Eleventh Amendment, and (4) Defendants are entitled to qualified immunity. (See doc. no. 47-1.)  As explained below, Defendants' motion to dismiss should be granted to the extent Plaintiff's claims are against Defendants in their official capacities, but should be denied as to his claims against Defendants in their individual capacities.

### A.    Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The court must accept as true all facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010).  The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

Furthermore, a claim should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

3

possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. With these principles in mind, the Court turns its attention to the instant motion to dismiss.

## B. The Elements of an Eighth Amendment Deliberate Indifference Claim.

Defendants argue that Plaintiff's deliberate indifference claims should be dismissed for failure to state a claim under the Eighth Amendment. (Doc. no. 47-1, p. 4.) Specifically, Defendants assert that Plaintiff "has failed to allege facts of conduct showing subjective disregard to [his] alleged medical need" and that his allegations "fail to demonstrate deliberate indifference to a serious medical need." (Id. at 5, 6.)

"The Eighth Amendment's proscription of cruel and unusual punishments prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs." Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). To support a deliberate indifference claim, a plaintiff must meet a two-prong test. First, based on an objective standard, the alleged medical problem must be "sufficiently serious"; second, the defendant must have subjectively acted with "deliberate indifference" to the inmate's health or well-being. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state the proposition differently, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Id. at 835-39; Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (noting that the deliberate indifference standard requires a prison official to have disregarded an excessive risk of which he was actually aware).

4

Conscious disregard means that prison officials knew about and disregarded an excessive risk to health or safety. <u>Farmer</u>, 511 U.S. at 837. Courts require plaintiffs to show "more than mere negligence," and look for "obduracy and wantonness, not inadvertence or error in good faith." <u>Adams v. Poag</u>, 61 F.3d 1537, 1543 (11th Cir. 1995) (citation omitted); <u>see also</u> <u>Goebert v. Lee County</u>, 510 F.3d 1312, 1326 (11th Cir. 2007). Examples of conduct rising to this level include an intentional refusal to provide care, cursory care in light of a severe medical risk, or a delay in access to care that is essentially a wanton infliction of pain. <u>Adams</u>, 61 F.3d at 1543-44. Only when medical care is "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness'" will the standard of "deliberate indifference" be met. <u>Id.</u> at 1544 (quoting <u>Rogers v. Evans</u>, 792 F.2d 1052, 1058 (11th Cir. 1986)).

"Delay in access to medical attention can violate the Eighth Amendment," <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976), depending on the "nature of the medical need and the reason for the delay." <u>Harris v. Coweta County</u>, 21 F.3d 388, 393-94 (11th Cir.1994). However, "whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability." <u>Adams</u>, 61 F.3d at 1545 (quoting <u>Estelle</u>, 429 U.S. at 107). Thus, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or a course of treatment does not support a claim of deliberate indifference. <u>Smith v. Fla. Dep't of Corr.</u>, 375 F. App'x 905, 910 (11th Cir. 2010) (*per curiam*); <u>Adams</u>, 61 F.3d at 1546; <u>Thigpen</u>, 941 F.2d at 1505; <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1033 (11th Cir. 1989).

### 1. Plaintiff's Claim Based on the Method by which His Medication Was Administered Should Not Be Dismissed.

Here, Plaintiff's amended complaint alleges sufficient facts to support a claim of deliberate indifference based on the method used by Defendant Dalrymple to administer his medication, and her failure to address the illnesses he claims resulted from such method during a subsequent medical appointment. Plaintiff alleges that the manner in which his medication was provided to him caused him serious injuries, including chest pains, stomach illnesses, blisters on his tongue and "lobe," and swelling in his throat. (Doc. no. 14, pp. 5-6.) Plaintiff asserts that he brought his concerns to Defendant Dalrymple's attention by submitting health service request forms, but the method was not discontinued. (Id. at 6.) While a mere disagreement with a course of treatment is insufficient to state a valid claim of deliberate indifference, Plaintiff also claims Defendant Dalrymple failed to address his injuries or their potential cause during a subsequent medical appointment. See Adams, 61 F.3d at 1543-44. Accordingly, Defendants' motion to dismiss should not be granted as to Plaintiff's deliberate indifference claim based on the method by which his medication was administered.

### 2. Plaintiff's Claim Based on the Delay in Providing His Medication Upon His Arrival at JSP Should Not Be Dismissed.

Plaintiff's amended complaint also alleges sufficient facts to support a claim of deliberate indifference based on the delay in providing his medication upon his arrival at JSP. Defendants concede that Plaintiff "has arguably alleged a serious medical need," (doc. no. 47-1, p. 5), so the Court must only determine whether Plaintiff alleges facts sufficient to support a reasonable inference that Defendants acted with conscious disregard

of such need.

Here, Plaintiff asserts Defendants failed for one month to provide his prescribed medication for a diagnosed condition even after he submitted three health service request forms asking for it. (Doc. no. 14, p. 5.) According to Plaintiff, he received no response to his requests and no explanation indicating that his medication was being denied pursuant to a medical decision regarding his treatment. Presuming these allegations to be true and drawing all reasonable inferences in Plaintiff's favor, he has adequately pled an Eight Amendment claim. See Adams 61 F.3d at 1533-34. Therefore, Defendants' motion to dismiss should be denied as to Plaintiff's deliberate indifference claim based on the delay in providing his medication upon his arrival at JSP.

## C. Plaintiff's Claims Demonstrate Sufficient Physical Injury to Obtain Damages, and Therefore Should Not Be Dismissed.

Defendants argue that Plaintiff's claims should be dismissed because he has not alleged a physical injury, and thus "there is no basis for granting Plaintiff any relief." (Doc. no. 47-1, pp. 7, 11.) In support of their argument, Defendants quote 42 U.S.C. § 1997e(e), which states that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury." However, the Court disagrees with Defendants' assertion that Plaintiff has not alleged any physical injury. (Doc. no. 47-1, pp. 10-11.)

Plaintiff alleges the delay in providing his medication upon his arrival at JSP caused excruciating pain, and that Defendant Dalrymple's method of administering his medication caused chest pains, stomach illnesses, blisters, and swelling in his throat. (Doc. no. 1, pp. 5-6.) Whether these injuries are sufficient to satisfy § 1997e(e) is a close question that can

be better addressed after the parties have had an opportunity to engage in discovery.

Furthermore, the availability of nominal damages to a prisoner plaintiff who fails to allege a physical injury remains an unresolved issue in the Eleventh Circuit. See Al-Amin v. Smith, 637 F.3d 1192, 1199 n. 10 (11th Cir. 2011); Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007), *abrogated on other grounds by* Sossamon v. Texas, 131 S.Ct. 1651 (U.S. 2011); Boxer X v. Harris, 437 F.3d 1107, 1111 n. 3 (11th Cir. 2006). In Hughes v. Lott, 350 F.3d 1157, 1162-63 (11th Cir. 2003), the Eleventh Circuit stated "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Thus, nominal damages may be available for Plaintiff's claim under § 1997e(e), even if he fails to demonstrate sufficient physical injury.[3] Accordingly, the Court should not dismiss Plaintiff's claims for failing to allege a sufficient physical injury at this time.

### D. To the Extent Plaintiff's Claims Are Against Defendants in Their Official Capacities, They Are Dismissed.

Defendants argue that Plaintiff's claims are barred by the Eleventh Amendment because he seeks damages against Defendants in their official capacities. (Doc. no. 47-1, p. 11.) The Eleventh Amendment bars official capacity claims against state prison officials for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, to the

---

[3] Although Plaintiff does not request nominal damages in his amended complaint, "a federal court should not dismiss a meritorious constitutional claim because the complaint seeks one remedy rather than another plainly appropriate one." Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 65-66 (1978); see also Williams v. Brown, 347 F. App'x 429, 436-37 (11th Cir. 2009) (*per curiam*) (directing district court on remand to consider whether complaint could be construed to request nominal damages when compensatory and punitive damages were foreclosed by § 1997e(e)).

extent that Plaintiff seeks damages from Defendants in their official capacities, his claims fail as a matter of law and should be dismissed. Although Plaintiff seeks money damages from Defendants, the amended complaint is silent as to whether he is suing Defendants in their individual or official capacities. (See Doc. no. 14.) However, in describing his claims against Defendants, Plaintiff demonstrates an intention to hold them individually accountable, which he affirms in his response to the instant motion, in which he states the claims are against Defendants in their individual capacities. (Doc. no. 51, p. 1.) Therefore, Plaintiff's claims are not against Defendants in their official capacities. However, in an abundance of caution, Plaintiff's claims should be **DISMISSED** to the extent they are against Defendants in their official capacities as such claims are clearly barred by the Eleventh Amendment.[4]

### E. Plaintiff's Claims Should Not Be Dismissed on the Basis of Qualified Immunity At This Time.

Defendants contend that even if Plaintiff's claims are not subject to dismissal based on their previous arguments, they should be dismissed because Defendants are entitled to qualified immunity. (Doc. no. 47-1, p. 12.) Defendants claim that Plaintiff "cannot show that he suffered a constitutional violation," and that he "cannot show that clearly

---

[4]Apart from their Eleventh Amendment argument, Defendants assert that Plaintiff's claims should be dismissed because Defendants are not "person[s]" within the meaning of § 1983 when sued in their official capacity. (Doc. no. 47-1, p. 12.) However, this assertion is more properly treated as a part of Defendants' Eleventh Amendment argument than as a separate argument for dismissal. In Will v. Michigan Dept. of State Police, the Supreme Court reasoned that the Eleventh Amendment barred § 1983 actions against state officials sued in their official capacities for monetary damages because such actions are tantamount to actions against States, which are not "persons" under § 1983. 491 U.S. 58, 71 (1989). Thus, the fact that a state official sued in his official capacity for monetary damages does not qualify as a "person" is not a separate basis for dismissal, but rather is the rationale behind the Eleventh Amendment bar. See id.

established law exists that would have put Defendants on notice that their actions violated Plaintiff's constitutional or statutory rights." (Id. at 14-15 (quoting Saucier v. Katz, 533 U.S. 194, 200 (2001)).)

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 230 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Townsend v. Jefferson County, 601 F.3d 1152, 1157 (11th Cir. 2010). "To invoke qualified immunity, the official[s] must first establish that [they were] acting within the scope of [their] discretionary authority" when the alleged violation occurred. Case v. Eslinger, 555 F.3d 1317, 1325 (11th Cir. 2009). For officials' acts to be within their discretionary authority, they must be "(1) undertaken pursuant to the performance of [their] duties and (2) within the scope of [their] authority." Jones v. City of Atlanta, 192 F. App'x 894, 897 (11th Cir. 2006) (*per curiam*) (punctuation omitted) (quoting Lenz v. Winburn, 51 F.3d 1540, 1545 (11th Cir. 1995).) If the defendants show that they were acting within their discretionary authority, then "the plaintiff must show that: (1) the defendant[s] violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." Townsend, 601 F.3d at 1158 (punctuation omitted) (quoting Holloman ex. rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004).) Put another way, a motion to dismiss raising the defense of qualified immunity "will be granted if the 'complaint fails to allege the violation of a clearly established constitutional right.'" St.

George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) (quoting Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001)).

"A right is clearly established if, in light of already-existing law, the unlawfulness of the conduct is apparent, and if a constitutional rule applies with obvious clarity to give an official fair warning that violating that right is actionable." Bennett v. Hendrix, 423 F.3d 1247, 1255 (11th Cir. 2005) (internal citations omitted). "If reasonable public officials could differ on the lawfulness of a defendant's actions, the defendant is entitled to qualified immunity." Storck v. City of Coral Springs, 354 F.3d 1307, 1314 (11th Cir. 2003). Also, the Eleventh Circuit has held: "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decision of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins by Hall v. Talladega City Bd. of Educ., 115 F.3d 821, 826 n.4 (11th Cir. 1997).

Here, Defendants have satisfied the threshold requirement of showing that they were acting within the scope of their discretionary authority, as they were each on duty as state prison employees during the relevant time period, a point which Plaintiff does not dispute. Accordingly, the Court must determine whether Plaintiff's claims allege violations of a constitutional right which was clearly established at the time of the violation. St. George, 285 F.3d at 1337; Townsend, 601 F.3d at 1158. Having already found herein that Plaintiff alleges sufficient facts to state valid Eighth Amendment claims, see supra Part II.B.1-2, the Court must only determine whether Plaintiff's Eighth Amendment rights to receive pain medication for a serious diagnosed injury and to receive treatment for serious known injuries were clearly established at the time of the alleged violations.

Here, the Court finds that Plaintiff has sufficiently alleged violations of a clearly established constitutional right. Plaintiff's allegations are analogous to those in Harris v. Coweta County, a case in which a prisoner's deteriorating hand condition went untreated for several weeks. 21 F.3d 388, 393 (11th Cir. 1994). In its qualified immunity analysis, the court in Harris stated that "it was clearly established that knowledge of the need for medical care and intentional refusal to provide that care constituted deliberate indifference." Id. The court found that "[d]elay in treatment of serious and painful injuries was also clearly recognized as rising to the level of a constitutional claim." Id. (citing Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990); Washington v. Dugger, 860 F.2d 1018, 1021 (11th Cir. 1988).) In determining whether case law gives officials a sense of what duration of delay is actionable, the Harris court stated that, for serious injuries, "the law was clearly established that several weeks was too long to fail to properly respond to the medical need." Id. at 394 (citing Mandel v. Doe, 888 F.2d 783, 787-90 (11th Cir. 1989); Carswell v. Bay County, 854 F.2d 454, 457 (11th Cir. 1988); Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11th Cir. 1985).)

Plaintiff's first claim alleges that his prescribed pain medication for a serious diagnosed medical condition was delayed for over a month without explanation. (Doc. no. 14.) Plaintiff's claim based on the method by which his medication was administered alleges that Defendant Dalrymple intentionally refused to provide care for known injuries. (Id.) Therefore, in light of Harris and pursuant to review of the cases cited herein, the Court finds that Plaintiff's deliberate indifference claims should not be dismissed on the basis of qualified immunity at this time.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's official capacity claims for compensatory damages against Defendants should be **DISMISSED**. The motion to dismiss should be **DENIED** with respect to Plaintiff's claim against both Defendants in their individual capacities for delay in providing medication upon his arrival at JSP, as well as his claim against Defendant Dalrymple for failing to treat injuries resulting from the method by which his medication was administered. Should this recommendation be adopted as the opinion of the District Court, Defendants should be required to file an answer to Plaintiff's amended complaint within fourteen (14) days of such adoption, consistent with Federal Rule of Civil Procedure 12(a)(4)(A). Furthermore, the stay of discovery currently in place should be lifted, and a Scheduling Notice setting the deadlines in this case should issue upon the filing of Defendants' answer.

SO REPORTED and RECOMMENDED this 20th day of September, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE