IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MORRIS SCOTT HOLMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 312-099 |
| | ) |
| BARBARA DALRYMPLE, Doctor, | ) |
| Johnson State Prison, et al., | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

*Pro* se Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Johnson State Prison in Wrightsville, Georgia. On March 6, 2014, the Court vacated its prior Order granting Plaintiff permission to proceed *in forma pauperis* ("IFP") because he had previously brought at least three actions or appeals that were dismissed for being frivolous or malicious or for failure to state a claim. (Doc. no. 83.)

The Court stated that, because Plaintiff was not entitled to proceed IFP under § 1915(g), he was required to pay the full filing fee at the time he filed this lawsuit and his failure to do so warranted dismissal (id. at 4). See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). However, the Court noted that the statute of limitations period had run

on Plaintiff's claims, and that dismissal in this case would amount to a dismissal with prejudice. (Doc. no. 83, pp. 4-5.) Given the severe consequences of dismissal, the Court applied the lesser sanction of revoking Plaintiff's IFP status and giving him thirty days to pay the filing fee (id. at 6). See Camp v. Oliver, 798 F.2d 434, 438 (11th Cir. 1986) (less severe sanctions include revoking IFP status and allowing the plaintiff a reasonable time in which to pay the entire fee before dismissing with prejudice). Although it did not recommend dismissal, the Court stated that Plaintiff had arguably demonstrated conduct warranting dismissal with prejudice under the standard in Williams v. Brown, 347 F. App'x 429, 433-34 (11th Cir. 2009) (*per curiam*). (Doc. no. 83, pp. 5-6.) The Court warned Plaintiff that his failure to pay the filing fee in the allotted time would result in a recommendation that this case be dismissed. (Id.)

The time to respond has passed, and Plaintiff has not paid the $350.00 filing fee or otherwise responded to the Court's Order. Instead, Plaintiff filed a motion to compel discovery. (Doc. no. 86.) However, the Court stayed all discovery pending payment of the filing fee (doc. no. 85), and Plaintiff's motion to compel should therefore be **DENIED AS MOOT**. Because Plaintiff is not entitled to proceed IFP under § 1915(g) and has failed to pay the filing fee as ordered by the Court, this case should be dismissed. See Dupree, 284 F.3d at 1236; Vanderberg, 259 F.3d at 1324; see also Thompson v. Carlson, 705 F.2d 868 (6th Cir. 1983) (*per curiam*) (affirming dismissal with prejudice where district court vacated IFP status and ordered petitioner to pay the filing fee within thirty days, but petitioner failed to comply).

Thus, for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to compel be **DENIED AS MOOT** (doc. no. 86), and that this case be **DISMISSED**.

SO REPORTED and RECOMMENDED this 21st day of April, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA